United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60099
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYANT BUGGS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:02-CR-79-1
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bryant Buggs pleaded guilty to distribution of cocaine hydrochloride. In sentencing Buggs, the district court increased his base offense level by two because the individuals distributing cocaine at Buggs's direction carried handguns. The district court's application of U.S.S.G. § 2D1.1(b)(1) is a factual determination reviewed for clear error. United States v. Jacquinot, 258 F.3d 423, 430 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Buggs asserts that the Government presented no evidence relating the possession of firearms to his drug trafficking. The presentence report (PSR) contained evidence linking Buggs to the possession of firearms in relation to drug trafficking. See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). The burden then shifted to Buggs to prove that it was clearly improbable that the weapons were connected with the offense. See United States v. Cooper, 274 F.3d 230, 245 (5th Cir. 2001). Buggs offered no evidence in rebuttal. See Huerta, 182 F.3d at 364 (rebuttal evidence must show that the PSR is "materially untrue, inaccurate or unreliable"). The district court was not clearly erroneous in its factual finding and did not err in increasing Buggs's offense level pursuant to U.S.S.G. § 2D1.1(b)(1).

Buggs also contends that his sentence is illegal, under Blakely v. Washington, 124 S. Ct. 2531 (2004), because the quantity of cocaine used to determine his sentence, his role in the offense, and his use of a firearm in relation to the drug trafficking were not determined by a jury or included in his plea. This issue is foreclosed by the court's holding in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.